IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Mark Griffin, | : |
| Plaintiff | :     Case No. 2:06-cv-00056 |
| v. | :     Judge Holschuh |
| Gary Croft, *et al.*, | :     Magistrate Judge Abel |
| Defendants | : |

## Report and Recommendation

Plaintiff's February 6, 2006 motion for appointment of counsel (doc. 9) is DENIED.  It is RECOMMENDED that plaintiffs' February 9, 2006 motion for court-ordered injunction (doc. 10) be DENIED.

<u>Motion appoint counsel</u>.  A litigant in a civil case has no constitutional right to be represented by counsel.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 26-27 (1981).  The appointment of counsel in a civil case under 28 U.S.C. §1915(d) is within the sound discretion of the district court.  *Kennedy v. Meachum*, 540 F.2d 1057, 1062 (10th Cir. 1976); *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  It is a privilege, not a right.  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).  Factors to consider are (1) whether the litigant has a colorable claim, *Hyman v. Rickman*, 446 U.S. 989, 992 (1980)(Blackmun, J., dissenting from a denial of a writ of certiorari); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985); (2) whether he is able to adequately investigate the facts, *Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir.), *cert.*

*denied*, 464 U.S. 986 (1983); *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981); (3) whether he lacks the capacity to represent himself, *Merritt v. Faulkner,* 697 F.2d at 765; *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978); (4) whether there is conflicting testimony which could best be tested by counsel, *Maclin v. Freake*, 650 F.2d at 888; and (5) the complexity of the legal issues raised.  *Merritt v. Faulkner*, 697 F.2d at 765; *Maclin v. Freake*, 650 F.2d at 888-89.

Here it is too early to assess these factors.  Defendants have not yet been served with summons and complaint.

<u>Motion for injunction</u>.  Plaintiff seeks an order that he not be transferred from the Mansfield Correctional Institution while this lawsuit is pending.

A court must assess four factors in deciding whether to issue a preliminary injunction:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

*McPherson v. Michigan High Sch. Athletics Ass'n, Inc.,* 119 F.3d 453, 459 (6th Cir. 1997)(*en banc*)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.,* 64 F.3d 1026, 1030 (6th Cir. 1995); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000).

The complaint alleges that the parole board failed to provide plaintiff with a timely first parole release hearing and has subjected him to cruel and unusual punishment by holding him beyond his minimum sentence.  Plaintiff has submitted no

affidavit or other evidence in support of his request for an injunction. I conclude that he has failed to establish a strong likelihood of success on the merits and failed to demonstrate that he will suffer irreparable harm if he is transferred to another prison.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties written objections, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge